IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| STEVEN MARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 9:07-CV-154 |
| v. | § | |
| | § | |
| BNSF RAILWAY COMPANY | § | JUDGE RON CLARK |
| | § | |
| Defendants. | § | |

### ORDER DENYING DEFENDANT'S MOTION TO TRANSFER

Before the court is Defendant's Motion to Transfer [Doc. # 20] seeking to transfer the action to the Northern District of Texas, Amarillo Division pursuant to 28 U.S.C. § 1404(a). Plaintiff alleges that he sustained serious bodily injury while inspecting a train on Defendant's premises in Amarillo, Texas, and seeks damages under the Federal Employer's Liability Act, 45 U.S.C.A. § 51 (FELA). Defendant argues that the case should be transferred for the convenience of the parties and in the interest of justice.

Defendant waited four months after filing its answer before filing its motion to transfer. The case is already set for trial on July 14, 2008. An order of transfer would result in a delay of a year or more. Additionally, Plaintiff resides 367 miles from Amarillo in Cleburne, Texas. Plaintiff's surgeon resides 350 miles from Amarillo in Arlington, Texas. Most of the witnesses identified by Defendant as residing in Amarillo are employees of BNSF, which can easily bring them to Lufkin. On balance, the public and private interest factors strongly weigh against transferring this case.

## I. Background

On June 29, 2007, Plaintiff Steven Martin brought this FELA action against Defendant BNSF Railway Company claiming that he sustained serious bodily injuries while inspecting a train in Amarillo, Texas. Plaintiff alleges that Defendant failed to provide a safe place to work, provided improperly-sized ballast on the track bed, and was negligent in causing Plaintiff's injuries.

On the day of the incident in question, Plaintiff was a resident of Amarillo, Texas, which is in the Northern District. Plaintiff is now a resident of Cleburne, Texas, which is also in the Northern District. Defendant operates in both the Northern and Eastern Districts of Texas.

## II. Law

The goal of Section 1404(a) "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). The threshold determination to be made under Section 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen of America, Inc.*, --- F.3d ---, 2007 WL 3088142, *3 (5th Cir. 2007).

If so, the court's analysis turns to the convenience of the parties and the witnesses. *In re Volkswagen of America, Inc.* 2007 WL 3088142, *3. This determination involves examining several private and public interest factors, none of which are given dispositive weight individually. *Id.* The movant bears the burden of proof in demonstrating that a transfer is warranted. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). To meet this burden, the moving party must show "good cause" exists to transfer the case. *See In re Volkswagen of*

*America, Inc.* 2007 WL 3088142, *7.

In determining whether an action should be transferred under Section 1404(a), the court must consider several private and public interest factors. *In re Volkswagen of America, Inc.* 2007 WL 3088142, *3. The private interest factors include: (1) plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and availability of compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Id*. The public interest factors consist of (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

### III. Analysis

Plaintiff does not dispute, and the court agrees, that this case could have initially been brought in the Northern District of Texas, Amarillo Division. Therefore, the court now turns to the private and public interest factors.

**A. Private Interest Factors**

    <u>1. Plaintiff's Choice of Forum</u>

While the Fifth Circuit recently affirmed that a plaintiff's choice of forum is not controlling or determinative, a plaintiff's choice of forum should still be considered. *In re Volkswagen of America, Inc.* 2007 WL 3088142, *7. When a transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. *Id.*

A lawsuit under FELA "may be brought in a district court of the United States, in the

district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C. § 56. This gives a plaintiff more discretion than the general venue statute[1] in the choice of venue. Congress enacted the FELA as part of an intentional effort to protect railroad employees. *Tiller v. Atl. Coast Line R.R. Co.,* 318 U.S. 54, 58 (1949); *see also, Wilkerson v. McCarthy,* 336 U.S. 53, 68 (1949)(Douglas, J., concurring). It is apparent from the wording of the statute, as well as the acknowledged remedial intent behind the FELA, that Congress intended plaintiff's choice of forum to be afforded weight. *Boyd v. Grand Trunk Western R.R. Co.,* 338 U.S. 263, 265, 70 S.Ct. 26 (1949)("The right to select the forum granted in § 6 is a substantial right"). While Section 1404(a) applies to FELA cases, the Fifth Circuit makes clear that §1404 "does not limit or otherwise modify any right granted in [FELA] § 6 . . . to bring suit in any particular district . . . in which it might have been brought previous." *Terrebonne v. K-Sea Transp. Corp., et al.,* 477 F.3d 271, n. 19 (5th Cir. 2007).[2]

Martin chose to file his case in this forum. Driving to Lufkin, Texas from Cleburne, Texas takes about half the time it would take to drive to Amarillo, Texas. Defendant employs hundreds of employees in the Eastern District of Texas, maintains and operates hundreds of miles

---

[1] 28 U.S.C. § 1391(b) provides for venue in a federal question case:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

[2] In fact, the Congress which enacted § 1404(a) refused to enact a bill which would have amended § 6 of FELA by limiting the employee's choice of venue to the place of his injury or to the place of his residence. *Pope v. Atlantic Coast Line R.R. Co.,* 345 U.S. 379, 385 (1953).

of tracks in the Eastern District of Texas, maintains numerous corporate offices and facilities in the Eastern District of Texas, and employs countless managers and supervisory personnel within the Eastern District of Texas.

Accordingly, Martin's choice of forum is entitled to some weight. This factor weighs against transferring the case to Amarillo.

### 2. The Convenience of the Parties and Material Witnesses

The convenience of the witnesses is an important factor in deciding whether a case should be transferred pursuant to § 1404(a). In personal injury cases, the evidence and witnesses are usually linked to the place where the injury occurred. *See In re Volkswagen of America, Inc.* 2007 WL 3088142 (5th Cir. 2007)(holding that the factors weighed heavily in favor of transfer to the division where the car accident occurred because the witnesses, wreckage, police, paramedics and car dealership were located there).

Here, Plaintiff is a key witness and he is located in Cleburne, Texas. He would have to travel approximately some 367 miles to reach Amarillo, whereas the distance to Lufkin is less than half of that.[3] Defendant identifies "key" witnesses who are located in Amarillo. In contrast to *In re Volkswagen of America,* none are eye-witnesses to the accident. Except for physicians, all are Defendants' employees rather than third-parties such as police and paramedics. It should be easy for BNSF Railway to transport its employees to the Eastern District of Texas. Treating physician testimony is frequently presented in the form of a deposition rather than live testimony at trial. Moreover, Martin's surgeon is from Arlington, Texas, which is also closer to Lufkin than

---

[3] The court will not consider in its analysis the journey over the barren desert of West Texas with its dust devils and sand storms, as compared with the drive through the majestic forests and natural beauty of the Eastern District.

it is to Amarillo.

Given Defendant's obvious intent to delay the case, it is difficult to ignore the fact that Defendant requested transfer to the courthouse in the Northern District that was the farthest from Plaintiff's home. Given the ease with which Defendant can transport its employees to Fort Worth, it does seem this request to transfer to the Amarillo Division of the Northern District was intended more to inconvenience Plaintiff than to achieve an efficient disposition of the case. On the whole, this factor weighs against transfer.

### 3. Place of the Alleged Wrong

This case concerns Plaintiff's allegation that he sustained serious bodily injuries while inspecting the train in the Amarillo yard. Photographs of the ballast and debris at issue were taken by Defendant at the time of the accident. Such evidence can be electronically transferred easily to any witness or expert. The jury will be shown photographs, not the accident site. This factor is neutral.

### 4. The Cost of Obtaining the Attendance of Witnesses and Availability of Compulsory Process

The next factor is the cost of obtaining the attendance of willing witnesses. Defendant has not presented evidence that any witnesses within the range of the subpoena power of the Northern District of Texas would be unable to travel to the Eastern District to testify.

The costs of travel from North Texas to East Texas may be a factor, but this court regularly allows witnesses to participate telephonically in hearings, other than trials. With modern video deposition technology, the need for many witnesses to travel at all is reduced or eliminated. This is especially true for witnesses whose credibility cannot seriously be challenged, even if

there is a dispute over the effect of some data they produce, or a witness with background information needed to establish a basis for more crucial testimony by an expert. Moreover, there has been no showing that the availability of compulsory process is an issue. This factor does not weigh in favor of transfer.

### 5. The Accessibility and Location of Sources of Proof

The third factor is the accessibility and location of sources of proof. Defendant did not present evidence that the location of its documents or photographs outside the Eastern District of Texas works a substantial hardship. Additionally, documentary evidence is routinely transmitted electronically. There is no suggestion that the documents needed for a hearing or trial are so voluminous in this case that they cannot be easily transferred, or that they would not be capable of being stored electronically and transferred in that manner. This factor does not weigh in favor of transfer.

### 6. The Possibility of Delay and Prejudice if Transfer is Granted

A Scheduling Order was issued in this case on September 20, 2007. The case is currently scheduled for a July 14, 2008 trial. This is the date for *trial,* not the discovery deadline or final pretrial. Defendant had stated in its answer filed back in July 26, 2007 that it might file a motion for transfer. Defendant then waited four months before actually filing the motion. Given the time needed to re-docket the case, set it for a scheduling conference and assign it for trial, this would result in a delay of a year or more.

Defendant argues that it filed its motion to transfer two days before the deadline provided by the Scheduling Order. The court's deadline was set to allow for any discovery that would warrant transfer and not to encourage gamesmanship. Defendant had all the information it

needed to file a motion to transfer when it filed its answer. The court finds that the motion to transfer was filed merely for tactical delay and not for the convenience of any witness or party. This factor weighs strongly against transfer.

**B. Public Interest Factors**

    1. Administrative Difficulties

Defendant fails to produce any evidence that the hearing of this case would cause administrative difficulties. This case is already set for trial in July 2008. It is unlikely there will be any delay or administrative difficulties in this court. The court is familiar with FELA cases. This factor weighs against transfer.

    2. Local Interest in Adjudicating Local Disputes

Defendant has over 4,500 employees in Congressional Districts that are part of the Eastern District of Texas. Defendant also maintains and operates hundreds of miles of tracks in the Eastern District of Texas with numerous facilities in this district. By the very nature of its business, many of Defendant's employees travel throughout the state on Defendant's lines, operating its trains and performing maintenance of way. There is a localized interest in the rights, welfare and safety of railroad workers and Defendant's maintenance of its yards. A similar interest exists in the Northern District.

This factor is neutral.

    3. The Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

Because Defendant has more active workers living in Texas than in any other state and operates extensively within the Eastern District, the court finds that the citizens of the Eastern District of Texas have an equal interest in adjudicating this suit as there is in the Northern

District. It follows that the jury pool in this District will not be unduly burdened in deciding this matter. Consequently, this factor does not weigh in favor of transfer.

    4. The Avoidance of Unnecessary Problems in Conflict of Laws

This factor is not a concern because the case will be transferred within Texas, and the case is brought pursuant to a federal statute. This factor bears no weight in the transfer analysis.

    5. Other Factors

The public and the court have an interest in the speedy and inexpensive determination of every action. Congressional intent in this regard is expressed in Fed. R. Civ. P. 1 and Fed. R. Evid. 102. Allowing a party, which knows it could ask for a § 1404(a) transfer for convenience, to wait for months until the last possible moment serves only to delay resolution and increase expenses. Clearly expressed Congressional intent in favor of efficient disposition of cases coupled with an equally clear legislative intent to allow an FELA Plaintiff greater latitude in choice of forum weighs heavily against transfer in this case.

Weighing all of the considerations, Defendant has not satisfied its burden of demonstrating that a transfer is appropriate.

IT IS THEREFORE ORDERED that Defendant's Motion to Transfer Venue [**Doc. # 20**] is **DENIED**.

So **ORDERED** and **SIGNED** this **10** day of **December, 2007.**

                                        _____
                                        Ron Clark, United States District Judge